JOHN E. MILLER, PLAINTIFF-RESPONDENT, v. EVER-GREEN CEMETERY COMPANY, DEFENDANT-APPEL-LANT.

Submitted January 30, 1933—Decided June 29, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *J. Edward Fagen* (*T. Phillips Brown,* of counsel).

For the respondent, no appearance.

PER CURIAM.

This is the appeal of the defendant below from a judgment in favor of the plaintiff, entered by the trial judge of the District Court of the city of Camden, sitting without a jury, in an action brought to recover for injury to plaintiff's automobile in leaving the defendant's premises.

The evidence in support of the plaintiff was this: The defendant maintained and has maintained for many years a large cemetery. Plaintiff's wife was the owner of a family burial lot therein wherein several of her family were buried. The plaintiff for many years had made frequent trips to the cemetery with his wife in his automobile, in accordance with the custom, to decorate the graves in their family plot. On these trips he used the driveway maintained by the defendant, running through the body of the cemetery. There were two iron gates at the entrance of the driveway. Between the time of plaintiff's last visit and the day of the accident, the defendant Cemetery Company had paved the entrance,

and midway between the iron gates had erected a concrete projection eight inches high to which the gates could be fastened when closed, over which the plaintiff's car must pass by reason of the narrow entrance. Beyond the pavement and forming the driveway leading into the cemetery there was a dirt road in which ruts had been formed. On the day in question the gates, as usual, were open, and plaintiff drove in without accident, but when leaving the cemetery the bottom of his car came in contact with this projection, by reason of the grade created by the ruts hard by the pavement, and his car was damaged.

The only reason argued by defendant for reversal of the plaintiff's judgment is (we quote from its brief) : "Appellee [plaintiff] was a trespasser, or at most a mere licensee, and that appellant would only be guilty for willful or wanton negligence."

In support of that reason the defendant argues that the evidence did not justify the inference, upon the part of the trial judge sitting without a jury, that the plaintiff was there by invitation.

We think that the question whether, under the evidence, the plaintiff was there by invitation of the defendant, was a jury question.

Our leading case upon this topic is *Phillips* v. *Library Co.*, 55 *N. J. L.* 307; 27 *Atl. Rep.* 478. There, Mr. Justice Depue, speaking for the Court of Errors and Appeals, observed: "It is impracticable to lay down any precise rule, in set terms, which shall embrace all the cases within and exclude all the cases without the range of an owner's liability for such injuries. The utmost that can be done is to state in general terms the controlling principle that the liability of an owner or occupier for the condition of his premises arises where the plaintiff was induced to make the use of the premises, in the course of which he sustained the injury sued for, by express invitation or by invitation to be implied from acts and conduct of the defendants." He then adds this significant language, which has been frequently quoted with approval: "The gist of the liability consists in the fact that the person injured did not act merely on motives of his

own, to which no act or sign of the owner or occupier contributed, but that he entered the premises because he was led by the acts or conduct of the owner or occupier to believe that the premises were intended to be used in the manner in which he used them, and that such use was not only acquiesced in, but was in accordance with the intention or design for which the way or place was adapted and prepared or allowed to be used."

We believe that the application of that rule thus stated, to the evidence in the present case, justifies the inference drawn by the trial judge, sitting without a jury, that the plaintiff was using defendant's premises with the implied invitation of the defendant.

Since no other question is presented, we conclude that the judgment must be affirmed, with costs.